ERNEST GALVAN – 196065
MICHAEL S. NUNEZ – 280535
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: egalvan@rbgg.com
mnunez@rbgg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA COUNCIL OF THE BLIND; ALICE "MARGIE" DONOVAN; ROGER OBERHOLZER; and SHANNON DILLON,<br><br>Plaintiffs,<br><br>v.<br><br>CINEMA WEST, LLC; and PALLADIO CINEMAS, LLC,<br><br>Defendants. | Case No. 3:19-cv-03935-SK<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE AND NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER 56**<br><br>Judge: Hon. Sallie Kim<br>Action Filed: July 9, 2019<br>Trial Date: None Set |

[3524378.3]

Case No. 3:19-cv-03935-SK
PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE AND NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER 56

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, PLAINTIFFS CALIFORNIA COUNCIL OF THE BLIND; ALICE "MARGIE" DONOVAN; ROGER OBERHOLZER; and SHANNON DILLON will and hereby do move that the Court find that Plaintiffs have satisfied the Court's May 21, 2020 Order to Show Cause and move, pursuant to Northern District Civ. L. R. 7-11 and ¶ 9 of General Order 56 that the Court grant the parties administrative relief from General Order 56 by: (1) vacating the obligation to conduct a mediation, or if the court believes that a mediation is warranted, alternatively requiring the parties to conduct a remote mediation by video conference or phone within thirty days, (2) immediately opening discovery, and (3) setting an early case management conference date.

As required by Local Rule 7-11(a), Plaintiffs' counsel attempted unsuccessfully to obtain a stipulation to jointly request that the Court vacate the General Order 56 requirement to conduct a mediation. Declaration of Ernest Galvan ¶ 4.

## INTRODUCTION

Plaintiffs' motion requests relief necessary to advance this case. Absent Plaintiffs' requested relief, the case will languish for several additional months.

Plaintiffs have diligently prosecuted this action. The parties followed the pre-mediation procedures provided for in General Order 56. The parties scheduled an in-person mediation for April 7, 2020 with James F. Hodgkins, a private mediator on the Court's ADR panel. When the Covid-19 pandemic caused the suspension of in-person mediations, Plaintiffs' counsel sought to convert the April 7, 2020 session to an audio or video conference. Defense counsel declined to participate in an audio or video conference session on April 7, 2020, and instead suggested that the parties continue to communicate in writing to try to resolve the matter. Plaintiffs' counsel have since provided defense counsel with a written settlement demand, which defense counsel rejected.

Plaintiffs' counsel did not file the required this motion on time on April 27, 2020 due to mistake of counsel regarding the tolling effect of the various Covid-19 notifications.

1  Declaration of Ernest Galvan ("Galvan Decl.") ¶ 3.  Plaintiffs' counsel apologizes for any
2  inconvenience caused by this mistake.
3        As explained below, the purposes of General Order 56 have been more than met by
4  the pre-litigation meetings in this case, timely initial disclosures, timely on-site inspection,
5  and in-person settlement conference.  What has held up the case is the difficulty of setting
6  a mediation during the pandemic.  Plaintiffs have in the meantime exhausted efforts to
7  reach a settlement, and now request that the case be allowed to proceed.  It is possible that
8  this case may be one of those that can settle after some focused discovery.
9  **STEPS TAKEN BY PLAINTIFFS TO ACHIEVE A NEGOTIATED RESOLUTION**
10        In June 2018, Plaintiff Donovan sent a demand letter to Defendants asking that
11  Defendants work with her to resolve problems accessing audio description services at
12  Palladio 16 Cinema informally.  Declaration of Michael Nunez ¶ 2 ("Nunez Dec.").  The
13  parties were unable to resolve the matter informally.  *Id.*  On July 9, 2019, Plaintiffs filed
14  this action alleging that Defendants Cinema West and Palladio Cinemas failed to provide
15  them with effective access to audio description services.
16        The parties then proceeded under General Order 56.  The parties exchanged initial
17  disclosures on October 10, 2019 and held the site inspection on October 11, 2019.  Nunez
18  Dec. ¶ 3.  The parties held the required in-person settlement meeting on November 21,
19  2019 where Plaintiffs presented a settlement demand centered on ensuring effective access
20  to audio description services at Palladio 16 and accessibility of Defendants' website and
21  mobile iOS application.  *Id.* ¶ 4.  Plaintiffs filed a Notice of Need for Mediation on
22  November 22, 2019.  ECF No. 12.
23        Plaintiffs moved to file and, pursuant to Court order, filed Plaintiffs' First Amended
24  Complaint ("FAC") in December.  ECF Nos. 13, 15, 16.
25        On January 16, 2020, a mediator was assigned to this case.  ECF No. 18.  On
26  February 20, 2020, the parties stipulated to, and the Court ordered, that the deadline to
27  hold the mediation required by General Order 56 was extended from February 20, 2020 to
28  April 20, 2020.  ECF No. 20.  On February 25, 2020, the parties agreed to hold an in-

person mediation on April 7, 2020.  Nunez Dec.  ¶5.

In March, the U.S. District Court for the Northern District of California issued an emergency order that prohibited in-person mediations.  Northern District of California's Notice re Procedures for ADR Cases and Cases Subject to General Order 56 During Coronavirus Public Health Emergency.  Plaintiffs proposed that the parties hold the April 7, 2020 mediation by phone or video conference.  Nunez Dec. ¶ 6.  Defendants refused to hold the mediation remotely "on April 7, or soon thereafter" but stated that they were open to "continuing to communicate in writing in an attempt to get the matter resolved." *Id.*  Plaintiffs' counsel provided a comprehensive written settlement demand addressing all claims, injunctive, damages, and attorneys' fees on May 15, 2020.  Galvan Decl. ¶ 4.  On May 27, Plaintiffs' counsel received a complete rejection of the demand.  *Id.*

## ARGUMENT

### I.   PLAINTIFFS HAVE DILIGENTLY PROSECUTED THIS ACTION AND COMPLIED WITH GENERAL ORDER 56.

Dismissal is inappropriate because Plaintiffs have diligently prosecuted this action.  Plaintiffs complied with the required pre-mediation procedures and attempted to timely conduct a mediation.  Nunez Dec. ¶¶ 3-4, 6.  After Plaintiffs learned of additional accessibility barriers, they promptly raised these issues in settlement discussions with Defendants and incorporated the issues into the case.  *See FAC*; ECF No. 13; Nunez Decl. ¶ 4.  After Defendants declined to participate in a remote mediation, Plaintiffs responded to Defendants' invitation to continue settlement negotiations by preparing and providing Defendants a detailed proposed settlement agreement.  Galvan Dec. ¶ 4.  Given this context, an untimely request for a case management conference does not warrant dismissal.

The failure to file this motion by April 27, 2020 was due to counsel's mistake.  Galvan Decl. ¶ 3.  Counsel apologizes for any inconvenience to the Court.  Dismissal is not appropriate, as Plaintiffs have otherwise been diligent in prosecuting this action.

## II. GRANTING PLAINTIFFS RELIEF FROM GENERAL ORDER 56 IS APPROPRIATE

### A. Vacating the Mediation Requirement, Opening Discovery, and Setting a CMC Is Appropriate

Plaintiffs request that the Court vacate the mediation requirement, immediately open discovery, and schedule an early case management conference ("CMC"). Discovery remains stayed by the General Order. General Order 56 ¶ 2 (May 29, 2012). A CMC has not yet been held or scheduled, and a pre-trial schedule has not been established.

The parties would likely be unable to hold an in-person mediation for months. The Court's order barring in-person mediations does not specify when the order will be lifted. Am. Notice Re Procedures for ADR Cases and Cases Subject to Gen. Order 56 During Coronavirus Public Health Emergency (Apr. 21, 2020), http://cand.uscourts.gov/wp-content/uploads/2020/03/Amended-Notice-re-Procedures-for-ADR-Cases-and-Cases-Subject-to-General-Order-56-During-Coronavirus-Public-Health-Emergency.pdf. On May 21, 2020, an amended General Order 72-3 issued, providing, among other things, that the suspension of in-person proceedings, including ADR proceedings, is extended through September 30, 2020. https://www.cand.uscourts.gov/wp-content/uploads/general-orders/GO_72-3_5-21-2020.pdf

The purposes of the mediation requirement have been more than met in this case. Plaintiffs provided defendants with notice of the claims more than a year before the case was filed. Nunez Decl. ¶ 2. Counsel corresponded for months to try to resolve the matter informally. *Id.* After filing the complaint, Plaintiffs complied with General Order 56, exchanging initial disclosures and holding a site inspection in October 2019, and holding the in-person settlement meeting in November 2019. Nunez Decl. ¶¶ 3-4. At the in-person settlement meeting Plaintiffs conveyed a settlement demand regarding steps needed to ensure effective access to audio description at Defendants' theater. Nunez Decl. ¶ 4. The parties were set to hold the mediation on April 7, 2020 when the pandemic shutdown began. Nunez Decl. ¶¶ 5-6. Plaintiffs' counsel tried to convert the April 7 session to a telephone or video conference, but Defendants declined stating that they remained open to

"continuing to communicate in writing" to resolve this case. Nunez Dec. ¶ 6. On May 15, 2020, Plaintiffs provided Defendants with a detailed written proposed settlement agreement. Galvan Decl. ¶ 4. Even though General Order 56 allows Plaintiffs to insist on resolving injunctive relief before making monetary demands, Plaintiffs made an extra effort to settle the case by providing a comprehensive demand to resolve claims for injunctive relief, damages, and attorneys' fees. General Order 56 ¶5(a); Galvan Decl. ¶ 4. On May 27, 2020, Defendants' counsel responded that the demand was a "non-starter." *Id.*

### B. Alternatively, Ordering the Parties to Promptly Hold a Remote Mediation, Opening Discovery, and Setting a CMC Is Necessary

If the Court concludes that holding a mediation is necessary, Plaintiffs request that the Court order the parties to hold a remote mediation within 30 days while also opening discovery and setting a Case Management Conference. Holding a remote mediation with the anticipated nine participants, is logistically feasible. Nunez Dec. ¶ 8. Discussing and understanding the issues in the case, website and mobile app accessibility and audio description services, do not necessitate in-person interactions. This approach would allow the parties to complete the last step of the General Order 56 process while avoiding months of delay for an in-person mediation. Plaintiffs' counsel has reached out to the assigned mediator. Galvan Decl. ¶ 4.

### CONCLUSION

Plaintiffs respectfully request that the Court find that Plaintiffs have satisfied its order to show cause and grant Plaintiffs' requested relief from General Order 56.

DATED: May 29, 2020

Respectfully submitted,
ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Ernest Galvan*
Ernest Galvan

Attorneys for Plaintiffs