Plaintiffs the California Council of the Blind, Alice "Margie" Donovan, Roger Oberholzer, and Shannon Dillon ("Plaintiffs") and Defendants Cinema West, LLC and Palladio Cinemas, LLC ("Defendants") (collectively, "the Parties") jointly submit this Joint Letter pursuant to the Court's July 11, 2019 Standing Order and Civil Local Rule 37-1 to seek resolution of Plaintiffs' need for a site inspection and subsequent brief extension of litigation deadlines.  Prior to filing this Joint Letter, the Parties met and conferred and otherwise complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery.

## BACKGROUND

At the March 15, 2021 Case Management Conference, the Court instructed the Parties to meet and confer to resolve Plaintiffs' need for a site inspection and deadline extensions.  On March 26, 2021, the Parties met and conferred telephonically but were not able to resolve this issue.  Plaintiffs seek to conduct an in-person site inspection at Palladio 16 Cinemas with their expert and a subsequent brief extension of all litigation deadlines.  Defendants do not consent to this extension and refuse to grant Plaintiffs' request for an in-person site inspection.  Because the Parties are unable to resolve this dispute, they now seek intervention from this Court.

The current deadlines are as follows:

- Last day of fact discovery:  May 7, 2021
- Last day for initial expert disclosures:  May 21, 2021
- Last day for rebuttal expert disclosures:  June 18, 2021
- Last day of expert discovery:  July 9, 2021
- Last day for hearing dispositive motions:  September 20, 2021
- Last day to file opening summary judgment motion:  August 2, 2021
- Last day to file opposition and cross motion for summary judgment: August 16, 2021
- Last day to file reply and opposition to cross motion for summary judgment: August 30, 2021

- Last day to file reply in support of cross motion for summary judgment: September 6, 2021
- Pretrial conference: November 12, 2021
- Trial: December 14, 2021

### DETAILED SUMMARY OF DISCOVERY DISPUTE

*Plaintiffs' Statement*: Plaintiffs seek a modest extension of fact discovery and all other litigation deadlines as stated in the Parties' Further Case Management Conference Statement ("CMC Statement") (ECF No. 37 at 8, lines 1-14) to allow Plaintiffs to safely conduct an in-person site inspection at Palladio 16 Cinemas. As detailed in Plaintiffs' section of the CMC Statement, this extension would ensure that Plaintiffs' expert and counsel can be fully vaccinated against COVID-19 prior to the site inspection and travel safely to the site inspection. ECF No. 37 at 7, lines 11-28. The requested site inspection will provide essential evidence regarding the factual questions at issue in this case.

In refusing to allow Plaintiffs to conduct this site inspection, Defendants incorrectly argue that Plaintiffs' requested site inspection would be redundant of the abbreviated joint inspection and review that the Parties conducted in October 2019 pursuant to Northern District of California General Order 56. General Order 56 does not displace an inspection under Rule 34 of the Federal Rules of Civil Procedure. Although this Court's application and interpretation of its Local Rules is entitled to "a large measure of discretion," *Lance, Inc. v. Dewco Servs., Inc.*, 422 F.2d 778, 784 (9th Cir. 1970), Local Rules cannot be incompatible with Federal Rules. *See* Fed. R. Civ. P. 83(a)(1); *see also ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018) (reversing district court's striking of certification motion where rigid enforcement of Local Rule 23-3's ninety-day "bright-line" deadline was incompatible with Federal Rule 23's "flexible approach" to deadlines).

Even if the General Order could somehow displace Rule 34, the result would be a waste of resources for both the Courts and the litigants. Immediately upon filing a lawsuit under the Americans with Disabilities Act, plaintiffs would have to retain an expert and bring said expert to a General Order 56 site inspection to ensure that plaintiffs have had an

opportunity to collect all data from the site inspection that might be valuable at trial. Such an unnecessary expenditure of time and money would be at odds with the overarching purpose of General Order 56, which is "to provide efficient and cost-effective procedures for parties to attempt to resolve disputes arising under the [ADA]." *Love v. Barcelino Cont'l Corp.*, 2020 WL 8675993, at *2 (N.D. Cal. July 31, 2020) (internal citations omitted); *see also Johnson v. Reimal Fam. Ltd. P'ship*, 2021 WL 428631, at *4 (N.D. Cal. Feb. 8, 2021) ("The purpose of General Order 56 is to encourage the parties to cooperate to resolve ADA claims quickly and efficiently with minimal cost.").

Furthermore, at the October 2019 inspection, Defendants denied Plaintiffs the opportunity to inspect key components of Defendants' audio description equipment, including but not limited to, all the QSC system components, charging/configuration station, transmitters, servers, and processors. Plaintiffs were only permitted to inspect and test the audio description receiver headsets.

Defendants' audio description equipment and service failures in this case have been occurring for years. Plaintiffs have reported over a dozen incidents from 2017 through the present. Allowing Plaintiffs and their expert to examine all components of the audio description equipment is necessary to present evidence regarding the nature of the problems with audio description services that the Plaintiffs have experienced and is necessary to determine what remedial steps will be needed to ensure effective access to audio description services.

At the March 26, 2021 meet and confer, Defendants explained that they did not allow Plaintiffs and their counsel to conduct a thorough inspection of the audio description equipment at the October 2019 General Order 56 site inspection because Plaintiffs and their counsel were not "qualified" to inspect each of the components and because there was no expert present. Defendants claim that, if an expert had been present, then they would have given the expert permission to conduct a full inspection. Defendants argue that if Plaintiffs had wanted to bring an expert to inspect Defendants' audio description equipment, Plaintiffs had the opportunity to do so at the General Order 56 site inspection.

According to Defendants, because Plaintiffs chose not to bring an expert to that site inspection, Plaintiffs do not now get a second bite at the apple. This argument is severely misguided.

Contrary to Defendants' constant refrain that Plaintiffs are attempting to "gin up" attorneys' fees in this case, Plaintiffs did not retain an expert at the time of the General Order 56 site inspection because at that very early stage of the case when discovery was not even open, Plaintiffs chose not to incur the additional expense of retaining an expert because they did not believe it would be necessary to do so. Plaintiffs had no reason yet to believe that Defendants would choose to litigate this case instead of simply agreeing to make Plaintiffs' requested changes to Defendants' audio description equipment and related policies. It only started to become clear to Plaintiffs at the settlement conference following the General Order 56 site inspection that Defendants would not agree to the injunctive relief that Plaintiffs seek.

Further, even if Plaintiffs had considered retaining an expert *at some point* during potential litigation, there was no reason to believe that it was necessary to incur the costs of hiring an expert for the General Order 56 site inspection. Without an expert present, Plaintiffs could have conducted the site inspection – taking copious notes, pictures, and video recordings of the equipment – and simply shared this information with an expert afterward. Plaintiffs did not anticipate that Defendants would refuse to allow them access to each of the relevant components of the audio description equipment without an expert present. It is because of Defendants' failure to allow Plaintiffs to thoroughly inspect the equipment that Plaintiffs must now seek an inspection with their expert.

In light of the foregoing, Plaintiffs should be permitted to conduct a Rule 34 inspection, and the schedule should be modified as set forth below to allow such an inspection to occur safely in light of the earliest possible vaccination and travel schedule for Plaintiffs' expert:

- Last day of fact discovery: June 18, 2021
- Last day for initial expert disclosures: July 2, 2021

- Last day for rebuttal expert disclosures:  July 30, 2021
- Last day of expert discovery:  August 20, 2021
- Last day for hearing dispositive motions:  November 1, 2021
- Last day to file opening summary judgment motion:  September 13, 2021
- Last day to file opposition and cross motion for summary judgment: September 27, 2021
- Last day to file reply and opposition to cross motion for summary judgment: October 11, 2021.
- Last day to file reply in support of cross motion for summary judgment: October 18, 2021.
- Pretrial conference:  January 7, 2022
- Trial:  January 25, 2022

***Defendants' Statement:***

Respectfully submitted,

DATED:  April 5, 2021          ROSEN BIEN GALVAN & GRUNFELD LLP

By:      */s/ Michael S. Nunez*
         Michael S. Nunez

Attorneys for Plaintiffs

Respectfully submitted,

DATED: April 5, 2021                    PETERS AND PETERS

By: _____
    Mark D. Peters

Attorneys for Defendants

### **FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i), I, Michael S. Nunez, attest that concurrence in the filing of this document has been obtained from each of the Signatories.

Dated: April 5, 2021                    */s/ Michael S. Nunez*
                                        Michael S. Nunez